UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SPARTAN MEDICAL PRODUCTS LLC,           07-Civ-10515 (KMK) (LMS)

        Plaintiff,                         **PLAINTIFF'S ANSWER
                                        TO COUNTERCLAIMS**

-against-

MAX AZEVEDO,

        Defendant.
-----------------------------------------------------------------x

        Plaintiff Spartan Medical Products LLC ("Spartan"), by its attorneys Kavanagh Maloney & Osnato LLP, for its answer to the counterclaims of Defendant Max Azevedo ("Azevedo") dated November 27, 2007, responds as follows:

### Allegations Common to All Counts

    1.    Plaintiff admits the allegations contained in paragraph 1.

    2.    Plaintiff denies the allegations in the first sentence of paragraph 2 but admits that its principal place of business is in White Plains, New York. With respect to the last sentence of paragraph 2, Plaintiff states that issues concerning this Court's subject matter jurisdiction are substantive issues of law and cannot be admitted or denied.

    3.    Plaintiff admits the allegations contained in paragraph 3.

    4.    Plaintiff denies the allegations contained in paragraph 4 but admits that Azevedo and Zimmerman were two of the founding members of Spartan and that Spartan was formed in 2004.

    5.    Plaintiff denies the allegations contained in paragraph 5.

    6.    Plaintiff denies the allegations contained in paragraph 6, but admits that Zimmerman served as Spartan CEO and was the CEO when the Complaint was filed.

7. Plaintiff denies the allegations contained in paragraph 7.

8. Plaintiff denies the allegations contained in paragraph 8.

9. Plaintiff denies the allegations contained in paragraph 9.

10. Plaintiff denies the allegations contained in paragraph 10.

11. Plaintiff denies the allegations contained in paragraph 11.

12. Plaintiff denies the allegations contained in paragraph 12.

## FIRST COUNTERCLAIM: CONVERSION

13. Plaintiff repeats and re-alleges paragraphs 1 through 12 as though set forth fully herein.

14. Plaintiff denies the allegations contained in paragraph 14.

15. Plaintiff denies the allegations contained in paragraph 15.

## SECOND COUNTERCLAIM: BREACH OF CONTRACT (UNPAID SALARY)

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though set forth fully herein.

17. Plaintiff denies the allegations contained in paragraph 17.

18. Plaintiff denies the allegations contained in paragraph 18.

## THIRD COUNTERCLAIM:
## BREACH OF CONTRACT (UNREIMBURSED EXPENSES)

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though set forth fully herein.

20. Plaintiff denies the allegations contained in paragraph 20.

21. Plaintiff denies the allegations contained in paragraph 21.

## FOURTH COUNTERCLAIM:
## LABOR LAW CLAIM – LIQUIDATED DAMAGES

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff denies the allegations contained in paragraph 23.

24. Plaintiff denies the allegations contained in paragraph 24.

25. Plaintiff denies the allegations contained in paragraph 25.

26. Plaintiff denies the allegations contained in paragraph 26.

## FIFTH COUNTERCLAIM:
## LABOR LAW CLAIM – ATTORNEY'S FEES

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though set forth fully herein.

28. Plaintiff denies the allegations contained in paragraph 28.

29. Plaintiff denies the allegations contained in paragraph 29.

## SIXTH COUNTERCLAIM:
## LABOR LAW CLAIM – LIQUIDATED DAMAGES

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though set forth fully herein.

31. Plaintiff denies the allegations contained in paragraph 31.

32. Plaintiff denies the allegations contained in paragraph 32.

33. Plaintiff denies the allegations contained in paragraph 33.

34. Plaintiff denies the allegations contained in paragraph 34.

## SEVENTH COUNTERCLAIM:
## LABOR LAW CLAIM – ATTORNEY'S FEES

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though set forth fully herein.

36. Plaintiff denies the allegations contained in paragraph 36.

37. Plaintiff denies the allegations contained in paragraph 37.

### FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the doctrine of laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by estoppel because as a member, owner and manager of Spartan he owed fiduciary duties of loyalty and good faith to Spartan, breached such duties and used his position within Spartan to usurp Spartan's business opportunities to his own advantage.

### FOURTH AFFIRMATIVE DEFENSE

Spartan is a Delaware limited liability company and Defendant, a member and major owner of Spartan since 2004 and a former manager of Spartan, signed Spartan's 2004 LLC operating agreement, which agreement is explicitly governed by Delaware law, and his rights and obligations with respect to Spartan flow from that document such that his claims under New York law are barred and/or seek relief which cannot be granted.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Azevedo was a founding member of Spartan, was and is a major owner of Spartan, and as a manager and board member was an executive of Spartan, and therefore his claims under New York's Labor Law are barred, as he was a major owner of, and an executive with Spartan, and was never a salaried employee.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Labor Law claims do not apply to those acts performed by Defendant outside of New York State.

WHEREFORE, Plaintiff Spartan demands that the counterclaims be dismissed and judgment entered in its favor and that this Court grant such other relief as it deems just and proper.

Dated: December 17, 2007

KAVANAGH MALONEY & OSNATO LLP

By: _____
Jorn A. Holl (JAH 1119)
jholl@kmollp.com
415 Madison Avenue, 18th Floor
New York NY 10017
(212) 207-8400