UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

SPARTAN MEDICAL PRODUCTS, LLC,                07-CV-10515

                       Plaintiff,    **ANSWER, DEFENSES**
                                   **AND COUNTERCLAIMS**

  - against -
                                       Judge Karas
MAX AZEVEDO,                          Magistrate Judge Smith

                       Defendant.

-----------------------------------------X

       Defendant Max Azevedo ("Defendant"), by his attorney, Robert L. Dougherty, files this, his Answer, Defenses and Counterclaims to the Complaint of Plaintiff Spartan Medical Products, LLC ("Plaintiff" or "Spartan"), and alleges as follows:

## ANSWER

       Defendant responds to the individually enumerated paragraphs of the Complaint as follows:

### The Parties

       1.    Defendant admits the allegations contained in the first sentence of paragraph 1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

       2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

       3.    Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits that Spartan is a biomedical company devoted to developing topical applications and cosmetic uses for cyanoacrylates. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Spartan uses cyanoacrylates for internal body tissue, and notes that such a use is not authorized by the Operating Agreement.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8 and states that Defendant is a citizen of the State of Georgia.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant admits that he was a manager of Spartan and a member of Spartan's Board of Managers until November 16, 2006. Defendant admits that he resigned from Spartan's Board of Managers on November 16, 2006, but did so only because Spartan's President and CEO instructed him to leave Spartan.

## Jurisdiction and Venue

13. Defendant denies that he has committed tortious acts without New York causing injury in New York. Defendant admits that he was the President and a managing member of Spartan in 2004, 2005, and 2006, and is now a 44.675% owner of Spartan.

-2-

Defendant notes that the Supreme Court of the State of New York, County of Westchester ("State Supreme Court"), no longer has jurisdiction over him, as this action was removed to the United States District Court for the Southern District of New York ("Federal District Court") on November 21, 2007 through a Notice of Removal pursuant to 28 U.S.C. §1446. Thereafter, a Notice of Filing of Notice of Removal was filed with the Westchester County Clerk's Office on November 21, 2007. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits that Spartan's principal office was at one time located in Westchester County, New York, but is without knowledge or information sufficient to admit or deny whether Spartan's office is still there. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Spartan's President resides in Westchester County. Defendant notes that this action was removed to the Federal District Court on November 21, 2007.

### The 2005 Confidential Disclosure Agreement

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits that the Confidential Disclosure Agreement contains a provision regarding the treatment of confidential information. Defendant denies the allegations in paragraph 17 to the extent they are inconsistent with the Confidential Disclosure Agreement, which is a written document that speaks for itself.

-3-

18. Defendant denies the allegations in paragraph 18 to the extent they are inconsistent with the Confidential Disclosure Agreement, which is a written document that speaks for itself.

19. Defendant admits that Spartan provided Femasys with information and documentary material regarding cyanoacrylate technology, and admits that some of the information and documentary material was marked "Confidential." Defendant denies the remaining allegations contained in paragraph 19.

20. Defendant admits the allegations contained in paragraph 20.

21. Defendant admits that Femasys President and CEO Kathy Lee Sepsick and a Femasys scientist traveled to a Spartan facility to meet with Defendant and view Spartan's cyanoacrylate processing facility, but denies that these individuals were given access to confidential information.

22. Defendant admits that a term sheet from Femasys was forwarded directly to Robert Zimmerman by Defendant for review and consideration. Defendant is without knowledge or information as to the contents of that document.

23. Defendant admits that a proposed supply agreement from Femasys was forwarded directly to Robert Zimmerman by Defendant for review and consideration. Defendant is without knowledge or information as to the contents of that document.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

-4-

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

### Spartan's Relationship with Clemson University

26. Defendant admits the allegations contained in paragraph 26.

27. Defendant admits that Spartan began collaborating with Dr. Ken Webb and Dr. Jeoung Soo Lee of Clemson University's Bioengineering Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Defendant admits that he, Robert Zimmerman and Rafael Ruiz worked or communicated with Dr. Ken Webb and Dr. Jeoung Soo Lee of Clemson University's Bioengineering Department, at varying times and to different degrees during 2005 and 2006. Defendant admits that his communications with Dr. Webb and Dr. Lee concerned cyanoacrylate technology, but denies that he "worked directly with" the Clemson scientists to develop "unique and valuable" technology for Spartan.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Defendant admits that he received a single CD-Rom disc containing information generally relating to the collaboration with Clemson University. Defendant denies the allegation that he was provided with more than one such CD-Rom disc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specific information contained on the CD-Rom disc. Defendant further states that he gave this CD-Rom disc to Charles Foushee on November 16, 2006 and Defendant did not retain any copies.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

### Azevedo's Competition with Spartan

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant admits that he began working for Femasys at some point after being given the CD-Rom, but denies any suggestion that the CD-Rom is in any way related to his employment with Femasys. Defendant denies that he began working for Femasys without informing Spartan. Defendant denies the remaining allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant admits that he has been engaged by ABM in matters unrelated to the science of cyanoacrylates. Defendant further states that he was engaged by ABM well before the Operating Agreement was in place. Defendant admits that the remaining allegations contained in paragraph 36 concerning the contents of the ABM website.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, except that Defendant specifically denies any suggestion that he was in any way involved with any project such as that described in paragraph 37.

### Spartan's Patents

38. Defendant admits that Spartan is the owner of several patents, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

### First Cause of Action: Misappropriation of Trade Secrets

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

### Second Cause of Action: Breach of Fiduciary Duty (As Manager-Member)

50. Defendant states that the allegations contained in paragraph 50 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

### Third Cause of Action: Breach of Fiduciary Duty (As Member)

53. Defendant admits that he resigned from Spartan on November 16, 2006, but did so only because Spartan's President and CEO instructed him to leave the company.

54. Defendant admits that he is a 44.675% member of Spartan. Defendant states that the remaining allegations contained in paragraph 54 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies these remaining allegations of paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraphs 56.

### Fourth Cause of Action: Breach of the Operating Agreement

57. Defendant admits that he signed the Operating Agreement. Defendant denies the allegations in paragraph 57 to the extent they are inconsistent with the Confidential Disclosure Agreement, which is a written document that speaks for itself.

-8-

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

### Fifth Cause of Action: Conversion

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

### Sixth Cause of Action: Accounting to Spartan

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 64.

### Seventh Cause of Action: Constructive Trust

65. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 65.

### Eighth Cause of Action: Injunction

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 68.

69. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 69.

### FIRST AFFIRMATIVE DEFENSE

Defendant denies each and every allegation contained therein which has not been specifically admitted in the Answer.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's alleged right to recovery is barred, in whole or in part, by its failure to mitigate any alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that some or all of Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claim for trade secret misappropriation fails because the allegedly secret material has been released into the public domain, has been otherwise disclosed or was not maintained in a manner that would preserve any confidential aspects of the material and was disclosed.

### SIXTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's trade secret claim fails because the information has no value.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's trade secret claim fails because a person cannot be precluded from using expertise gained during former employment.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's trade secret claim fails because to the extent any allegedly secret information was obtained by Defendant, it was not via improper means.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's trade secret claim fails because Defendant has received no benefit and Plaintiff has suffered no actual loss.

## TENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claims are barred, in whole or in part, by failure of consideration.

## **COUNTERCLAIMS**

Max Azevedo ("Azevedo") asserts his Counterclaims against Spartan Medical Products, LLC ("Spartan") as follows:

### **Allegations Common to All Counts**

1. Azevedo is a citizen of the State of Georgia.

2. Spartan is a Delaware Corporation with its principal place of business in White Plains, New York. Spartan may be served through its attorneys of record. This Court has subject matter jurisdiction over Azevedo's Counterclaims pursuant to 28 U.S.C. §§ 1332 and 1367.

3.      Counterclaim Defendant Spartan is subject to jurisdiction and venue in this Court by virtue of having first filed this lawsuit in the Supreme Court of Westchester County, New York (subsequently removed to this Court), which is within the Southern District of New York. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Spartan's principal place of business is located in this District, a substantial part of the events giving rise to this action occurred in this District, and Spartan is subject to personal jurisdiction in this District.

4.      Spartan was formed in 2004 by Azevedo and Robert Zimmerman ("Zimmerman"). Azevedo and Zimmerman created Spartan with the purpose of developing cyanoacrylate adhesive products for medical uses relating to the exterior of the human body.

5.      Zimmerman was supposed to contribute his purported business experience to Spartan and also to assume the roles of business and operational manager, strategic planner, and fund raiser. Azevedo was to and did contribute his significant experience and technical expertise in the research, development, and production of cyanoacrylate adhesives to Spartan.

6.      During Azevedo's employment with Spartan, Zimmerman served as Spartan's CEO. According to the Complaint, Zimmerman continues to serve as Spartan's CEO.

7.      From 2004 through 2006, Zimmerman steadily demoted Azevedo from President, to Vice President, to Technical Director. Zimmerman forced Azevedo to resign from Spartan in November 2006.

8. During the discussions and negotiations leading up to Spartan's creation, Zimmerman stated that he had prior experience operating an adhesives company. Zimmerman also represented that he would use his own money to fund Spartan's operations in the event that funding from other sources could not be secured. Zimmerman assured Azevedo that funding for Spartan would never be an issue.

9. Zimmerman was unable to secure necessary funding for Spartan from outside sources. In addition, despite his assurances, Zimmerman did not use personal resources to fund Spartan.

10. Without the funding needed to purchase equipment, Spartan could not meet its production obligations. Azevedo agreed to allow Spartan to temporarily use equipment owned by Azevedo and formerly located at the facilities of AZ Laboratories, Inc. ("AZ Labs"), a separate company established by Azevedo in 1991. Spartan is currently in possession of this equipment. Azevedo has demanded that Spartan return or, alternatively, pay for this equipment, but Spartan has refused to do so. This equipment is worth at least $100,000.

11. Spartan has failed to pay Azevedo his agreed upon salary for the period from January 2006 through June 2006. The amount of this unpaid salary is at least $60,000.

12. Also, Spartan has failed to reimburse Azevedo for company-related expenses. These unpaid expenses total at least $20,000 and continue to accrue interest and finance charges.

-13-

## FIRST COUNTERCLAIM:
## CONVERSION

13. Azevedo repeats and re-alleges paragraphs 1 through 12 of this Counterclaim as though set forth fully herein.

14. Spartan, without authorization, continues to exercise dominion or right of ownership over equipment belonging to Azevedo. Azevedo has demanded that Spartan return or pay for his equipment, but Spartan has refused to do so.

15. Spartan is liable to Azevedo for conversion. Azevedo is entitled to recover the cost of the equipment of at least $100,000, plus pre- and post-judgment interest.

## SECOND COUNTERCLAIM:
## BREACH OF CONTRACT (UNPAID SALARY)

16. Azevedo repeats and re-alleges paragraphs 1 through 15 of this Counterclaim as though set forth fully herein.

17. Spartan agreed to pay Azevedo $10,000 per month in exchange for the valuable services he performed as an officer and employee of Spartan. Spartan breached its contract with Azevedo by failing to pay him any salary for the months from January 2006 through June 2006.

18. Azevedo is entitled to recover unpaid salary in the amount of at least $60,000, plus pre- and post-judgment interest.

## THIRD COUNTERCLAIM:
## BREACH OF CONTRACT (UNREIMBURSED EXPENSES)

19. Azevedo repeats and re-alleges paragraphs 1 through 18 of this Counterclaim as though set forth fully herein.

2267838v1

20. Spartan agreed to reimburse Azevedo for expenses that he incurred on behalf of Spartan. Spartan has failed to reimburse Azevedo for at least $20,000 in such Spartan business expenses, plus finances charges. This failure constitutes a breach of Spartan's Operating Agreement requiring that business expenses be reimbursed.

21. Azevedo is entitled to recover unreimbursed business expenses in the amount of at least $20,000, plus finance charges and pre- and post-judgment interest.

### FOURTH COUNTERCLAIM: LABOR LAW CLAIM - LIQUIDATED DAMAGES

22. Azevedo repeats and re-alleges paragraphs 1 through 21 of this Counterclaim as though set forth fully herein.

23. Pursuant to Section 198(1-a) of the Labor Law of the State of New York, Defendant is entitled to recover liquidated damages against Spartan in the amount of twenty-five (25%) percent of the outstanding wages found to be due Azevedo if said non-payment was willful.

24. Spartan owes Azevedo at least $60,000.00 in wages.

25. The refusal to pay those wages by Spartan was willful.

26. In accordance with Section 198(1-a), Azevedo is entitled to recover liquidated damages in the amount of at least $15,000.00 representing twenty-five (25%) percent of the amount of wages due and owing to Azevedo from Spartan, plus pre and post judgment interest.

2267838v1

Case 7:07-cv-10515-KMK   Document 3   Filed 12/18/2007   Page 16 of 19

## FIFTH COUNTERCLAIM:
## LABOR LAW CLAIM - ATTORNEY'S FEES

27. Azevedo repeats and re-alleges paragraphs 1 through 26 of this Counterclaim as though set forth fully herein.

28. In accordance with Section 198 (1-a) of the Labor Law of the State of New York, should Azevedo prevail on his wage claim against Spartan, Spartan is required to pay the reasonable attorney's fees incurred by Azevedo in prosecuting this action.

29. In view of the above, Azevedo requests the Court to award him reasonable attorney's fees in prosecuting this wage claim against Spartan.

## SIXTH COUNTERCLAIM COUNT:
## LABOR LAW CLAIM - LIQUIDATED DAMAGES

30. Azevedo repeats and re-alleges paragraphs 1 through 29 of this Counterclaim as though set forth fully herein.

31. Pursuant to Section 198 of the Labor Law of the State of New York, Defendant is entitled to recover liquidated damages against Spartan in the amount of twenty-five (25%) percent of the unreimbursed expenses found to be due Azevedo if said non-payment was willful on the part of Spartan.

32. Spartan owes Azevedo at least $20,000.00 in unreimbursed expenses.

33. The refusal to pay those unreimbursed expenses was willful.

34. In accordance with Section 198(1-a), Azevedo is entitled to liquidated damages in the amount of at least $5,000.00 representing twenty-five (25%) percent of the amount of unreimbursed expenses due and owing to him.

-16-

## SEVENTH COUNTERCLAIM:
## LABOR LAW CLAIM - ATTORNEY'S FEES

35. Azevedo repeats and re-alleges paragraphs 1 through 34 of this Counterclaim as though set forth fully herein.

36. In accordance with Section 198 (1-a) of the Labor Law of the State of New York, should Azevedo prevail on his unreimbursed expenses claim against Spartan, Spartan is required to pay the reasonable attorney's fees incurred by Azevedo in prosecuting this action.

37. In view of the above, Azevedo requests the Court to award him reasonable attorney's fees in prosecuting this unreimbursed expenses claim against Spartan.

WHEREFORE, Defendant Max Azevedo demands judgment as follows:

(a) Dismissing the Complaint on the merits and with prejudice;

(b) That judgment be entered in his favor and against Spartan Medical Products, LLC on Counterclaims 1, 2, 3, 4, 5 and 6;

(c) That Azevedo be awarded damages against Spartan on the Counterclaims in an amount to be determined at trial;

(d) That Azevedo be awarded pre- and post-judgment interest calculated at the applicable rate;

(e) That Azevedo be awarded liquidated damages, reasonable attorneys' fees and expenses pursuant to Section 198(1-a) of the Labor Law of the State of New York on Counterclaims 4, 5, 6 and 7.

(f) On Counterclaims 1, 2 and 3, that Azevedo be awarded his reasonable attorney's fees, costs and expenses as allowed by law.

(g) That, pursuant to Rules 38 and 81 of the Federal Rules of Civil Procedure, Azevedo be given a trial by jury with respect to all issues so triable; and

(h) That the Court award such other and further relief as it deems just, equitable and proper.

Dated: Garden City, New York
       November 27, 2007

LAW OFFICES OF ROBERT L. DOUGHERTY

By: _____
ROBERT L. DOUGHERTY (RD 4890)
Attorneys for Defendant
226 Seventh Street, Suite 200
Garden City, New York 11530-5723
(516) 873-0808

TO: KAVANAGH MALONEY & OSNATO, LLP
    Attorneys for Plaintiff
    415 Madison Avenue, 18th Floor
    New York, New York 10017
    (212) 207-8400

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )

DEBRA S. FIANCE, being duly sworn, deposes and says:

That I am over the age of twenty-one (21) years and that I reside at West Babylon, New York and am not a party to this action.

That on the 27th day of November, 2007, I served the within Answer, Defenses and Counterclaims upon the party listed below by depositing a true copy thereof in a properly sealed postpaid wrapper, in a post office box regularly maintained by the Government of the United States located in front of premises known as 226 Seventh Street, Garden City, New York addressed as follows:

KAVANAGH MALONEY & OSNATO, LLP
415 Madison Avenue, 18th Floor
New York, New York 10017

that being the address designated on the latest papers served by them in the action.

_____
DEBRA S. FIANCE

Sworn to before me this
27th day of November, 2007.

_____
Notary Public

ROBERT L. DOUGHERTY
NOTARY PUBLIC, State of New York
No. 4792110
Qualified in Nassau County
Commission Expires March 30, N—
       Sept    2009